IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| JonathanWesley Cupp, Sr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: 2:04-2487-23 |
| | ) | |
| Dir. Willie Bamberg, Chief Horace James, | ) | **AMENDED ORDER**[1] |
| and Sgt. Joseph Chisolm in their individual | ) | |
| and official capacities as OCRDC | ) | |
| employees, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court upon Plaintiff Jonathan Wesley Cupp, Sr.'s ("Cupp") objections to the Magistrate Judge's recommendation that Cupp's case be summarily dismissed. The record contains a report and recommendation of the United States Magistrate Judge ("the R&R"), which was made in accordance with 28 U.S.C. § 636 (b)(1)(B). A party may object, in writing, to a report and recommendation within ten days after being served with a copy of that report. 28 U.S.C. 636 (b)(1). Upon consideration, the court concludes the Cupp timely filed his objections.[2]

**BACKGROUND**

I.     **Procedural History**

---

[1] This Order is amended only to add the Notice of Appeal information.

[2] On July 7, 2005, this court issued an Order dismissing the matter and adopting the Magistrate Judge's R&R due to Cupp's failure to timely object. However, Cupp filed a Motion to Alter or Amend Judgment wherein he advised the court that his address changed some time between the filing of the R&R and the issuance of the Court's Order, and therefore, he did not receive the R&R. Accordingly, on August 9, 2005, this court vacated its Order adopting the R&R. On September 1, 2005, this court issued an Order allowing Cupp to file objections up to and including October 3, 2005. Cupp timely filed his objections on September 23, 2005.

On July 29, 2004, Plaintiff Cupp, a state prisoner proceeding *pro se* and *in forma pauperis*, instigated this action against Director Willie Bamberg, Chief Horace James, and Sergeant Joseph Chisolm of the Orangeburg County Regional Detention Center ("OCRDC"). Cupp's Complaint alleges that, as a result of a disciplinary action taken against him, he was subject to cruel and unusual punishment in violation of the Eighth Amendment and Defendants violated his Fourteenth Amendment right to due process. Specifically, Cupp alleges that when he was placed in administrative segregation for a 14-day[3] period, his "mattress, both sheets, blanket, towel, wash rag, toilette [sic] paper and all personal property were confiscated," and he was refused medical care. (Compl. at 3.) Defendants claim that legal papers, personal hygiene items, linen, towels, wash cloths, and the Bible were not confiscated, as consistent with OCRDC rules and regulations. Cupp seeks monetary judgment and injunctive relief against Defendants.

Defendants filed an Answer raising various defenses including failure to state a claim, failure to exhaust administrative remedies, and qualified immunity. Subsequently, Defendants also filed a Motion for Judgment on the Pleadings or in the Alternative for Summary Judgment. Cupp filed a brief in opposition to Defendants' Motion on May 4, 2005, and May 13, 2005. In his R&R, the Magistrate Judge recommended that the action be dismissed without prejudice for failure to exhaust administrative remedies.

## II.    Facts

Plaintiff Cupp claims that on June 21, 2004, he "found a small handmad[e] weapon made from a toothbrush filed with a sharp point." (Compl. at 3.) Cupp claims that he called an officer to

---

[3] There is some discrepancy in the record as to whether Cupp was segregated for 10 or 14 days. For the sake of consistency, this Order treats the segregation as lasting 14 days.

his room and gave him the weapon. Thereafter, Cupp claims that several other officers came to his room and moved him into a cell by himself where he stayed for 14 days.

In contrast, according to Defendants, while certain officers were escorting Cupp from the nurse's station back to his cell, Cupp advised the officers that he "had plenty of shanks" in his room and if any of the officers touched him, he was going to use them. The officers perceived this as a threat, and a search of the cell turned up a homemade "shank" consisting of a filed-down toothbrush. According to Defendants, Cupp admitted that it was his. Following this situation, Defendant Chief James, as part of the Disciplinary Committee, found Cupp guilty of violating Detention Center Rule 4.4-6, Verbally threatening detention center personnel with death, violence, injury, or homosexual assault, and Rule 4.4-16, Possession of any object or chemical agent which could be used as a dangerous weapon. According to Defendants, Cupp received a written copy of the Disciplinary Committee's findings on June 23, 2004, and he was informed of his right to file a written appeal of the decision to Director Bamberg. Cupp never filed a written appeal.

## STANDARD OF REVIEW

### I.    Summary Judgment

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d

115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

## II.    Magistrate Judge's R&R

This court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the report and recommendation to which objections are made and the basis for those objections. *Id.* After a review of the entire record, the R&R, and Cupp's objections, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the R&R is adopted and is incorporated to the extent it is consistent with this Order.

## <u>ANALYSIS</u>

## I.    Exhaustion of Remedies

"As a general rule, plaintiffs proceeding under § 1983 need not exhaust state administrative remedies before filing suit. The PLRA, however, reversed that rules as to prison-condition

lawsuits." *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 676 (4th Cir. 2005) (citing *Porter v. Nussle*, 534 U.S. 516, 523 (2002), *Patsy v. Bd. of Regents*, 457 U.S. 496, 516 (1982), and 42 U.S.C.A. § 1997e(a)). Section 1997e(a) provides, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (1994 ed., Supp. V). "There is no doubt that the PLRA's exhaustion requirement is mandatory." *Anderson*, 407 F.3d at 677 (citing *Porter*, 534 U.S. at 524). "All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective. Even when a prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Porter*, 534 U.S. at 524; *see also Booth v. Churner*, 532 U.S. 731, 734, 739 (2001) (requiring exhaustion of Eighth Amendment claim for money damages despite the fact that money damages were not available under the state's administrative grievance scheme). Although exhaustion is mandatory, it is not a pleading requirement. *Anderson*, 407 F.3d at 677. Thus, the plaintiff need not allege exhaustion of remedies in his complaint, but rather, failure to exhaust is an affirmative defense.[4] *Id.*

## II.    Objections

Plaintiff Cupp makes five objections to the R&R. First, Cupp asks the court "to take judicial

---

[4] The Fourth Circuit Court of Appeals decided *Anderson* on May 17, 2005, after Defendants filed both their Answer and their Motion for Judgment on the Pleadings or in the alternative for Summary Judgment. Thus, in their Answer, Defendants raised a general defense that the action does not come within the purview of the civil rights act and it fails to state a claim upon which relief can be granted. In their Motion, Defendants state the Cupp never appealed the Committee's decision even though he was informed of his right to appeal the decision. Additionally, Defendants argue for dismissal of this suit because Cupp failed to exhaust administrative remedies. (Mem. in support of Mot. for Summ. Judg. at 4, 29.)

notice that there is nothing on the record that a disciplinary hearing was held, nor of[] any evidence or testimony having been presented before a disciplinary committee on 6-22-04, as alleged in Affidavit of Chief Horace James." (Obj. at 1.) However, the record contains the incident report from June 21, 2004, the Notice of Infraction to Inmate, the Affidavit of Chief James, the Affidavit of Sergeant Chisolm, and the Affidavit of Director Bamberg, all of which refer to the Disciplinary Committee's decision to administratively segregate Cupp following the incident. Accordingly, the court cannot take judicial notice that there is nothing on the record regarding the disciplinary hearing.

Cupp's second objection states that he was not provided with a copy of the findings of the alleged disciplinary hearing and was not informed of his right to appeal. (Obj. at 2.) However, in his Complaint, Cupp states, "I have read the OCRDC policy [and] procedural handbook. Even if I was 'CAUGHT' with an illegal weapon. [sic] That is a major sanction [and] policy [and] procedure states [sic] can happen as punishment is administrative segregation." (Compl. at 3.) Section 5.5 of the OCRDC Policy provides that an inmate must file a written appeal to a sanction "within three (3) working days of the sanction. The appeal will be directed to the Chief of Security." And although Cupp claims in his Affidavit and Objections never to have received a copy of the disciplinary findings, he states that Sergeant Chisolm told him at supper on his first evening in segregation that he was to stay in administrative segregation for 14 days for possession of contraband.[5] Thus, according to the OCRDC rules and regulations, of which each inmate is

---

[5] The Notice of Infraction to Inmate Form does not contain Cupp's signature, but Defendants claim that Cupp received a copy of the written findings of the Disciplinary Committee. Ultimately, Cupp's claim that he was not made aware of the disciplinary action taken against him is incredible. Not only was he taken to a segregated cell, but also, officers confiscated certain items of his property according to OCRDC procedure. Moreover, officers told Cupp that he was to be segregated for

informed when he or she enters the Center, Cupp needed to file a written appeal to this sanction within three working days. However, Cupp did not do so, and therefore, the court must dismiss Cupp's claim for failure to exhaust available administrative remedies.[6]

## CONCLUSION

It is therefore, **ORDERED,** for the foregoing reasons that Defendants' Motion for Summary Judgment is **GRANTED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**January 5, 2006**

NOTICE OF APPEAL
Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

violating the Detention Center Rules and Requirements.

[6] The court finds Cupp's three remaining objections without merit because none of them demonstrate that Cupp exhausted his administrative remedies. Cupp's fifth objection claims that he did file a grievance that his segregation constituted cruel and unusual punishment. However, regardless of whether Cupp in fact filed this grievance, which is not entirely clear from the record, the fact remains that he did not file a written appeal to the sanctions imposed on him, as required by OCRDC policy and procedure.